# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS LIVENGOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22CV171 |
| | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF PUBLIC SAFETY and | ) |
| KYLE BROWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on Defendants' Motion to Dismiss (Docket Entry 7; see also Docket Entry 8 (Memorandum in Support)). For the reasons that follow, the Court should grant the Motion to Dismiss.

## I. BACKGROUND

Plaintiff, a prisoner at "Avery/Mitchell C[orrectional] I[nstitution]" (Docket Entry 4 at 4), as a result of his 2009 "convict[ion for a] First Degree Sex Offense with a Child (Docket Entry 8 at 2), initially filed the Complaint in the Rowan County, North Carolina Superior Court on December 8, 2021 (see Docket Entry 4 at 1 (case caption listing "Rowan County . . . Superior Court")). Defendant Brown thereafter "remove[d] th[e] civil action from [the state court] . . . to th[is Court]." (Docket Entry 1 at 1.) The Complaint (docketed in this Court at Docket Entry 4) contends

Defendants violated Plaintiff's due process rights under both the United States Constitution and the North Carolina Constitution because Plaintiff "was removed from his canteen job . . . because of [a] red flag Defendant [] Brown placed on him." (Docket Entry 4 at 4.) Specifically, the Complaint alleges that "Defendant [] Brown tagged [Plaintiff's] prison file [by noting Plaintiff] as being a sexual violent predator." (Id.) The Complaint disputes this notation on Plaintiff's file, stating that "nowhere in the Judgement [sic] and commitment papers is there any order by the Sentencing Judge or any other Judge listing Plaintiff [] as a sexual predator." (Id. at 5.) In support of his contention, Plaintiff attached to the Complaint two pages of his Judgment, neither of which include a finding by the state court labeling Plaintiff as a sexually violent predator. (See generally Docket Entry 1-2 at 11-12.)

The Complaint further states that, after learning of this classification, Plaintiff "[f]iled [a g]rievance" (Docket Entry 4 at 4) with the prison and "wrote [Defendant ] Brown . . . [and] Commissioner [of Prisons ] Ishee" (id.), seeking further clarification regarding the disputed notation (see id.; see also Docket Entry 1-2 at 15-16, 20-22, 24-25 (internal grievance form and letters to Defendant Brown and Commissioner Ishee)). The prison "Grievance Examiner" found "no violation of applicable Prisons policy nor . . . evidence of misconduct . . . ." (Id. at

2

19.) A prison official responded to Plaintiff's letter to Defendant Brown stating that, "after reviewing [Plaintiff's] Judgement [sic] and Commitment papers[, Plaintiff was] identified by the courts as a sexual predator." (Id. at 23.) Plaintiff allegedly received no response from the office of Commissioner Ishee. (Docket Entry 4 at 4.) Plaintiff thereafter filed this action, demanding damages and injunctive relief in the form of the "North Carolina Department of Public Safety[ ] vacat[ing] the red flag . . . listed in his Prison Record(s)." (Id. at 7.)

In the Memorandum in Support of the Motion to Dismiss ("Memorandum"), Defendant Brown argues that he played no role in "the determination that Plaintiff was a sexually violent predator." (Docket Entry 8 at 5.) As a result, the Memorandum contends that the Complaint fails to state a claim against Defendant Brown in his individual capacity. (Id.) To support the claim of Defendant Brown's non-involvement, the Memorandum attaches as an exhibit a third page to Plaintiff's state court Judgment, entitled "Judicial Findings and Order for Sex Offenders." (Docket Entry 8-1 at 1 (bearing identical date, case number, and judge's name and signature as Plaintiff's exhibits) (all-caps typeset omitted).) That document includes a finding that Plaintiff "has been classified as a sexually violent predator." (Id.) Plaintiff filed no response to the Motion to Dismiss. (See Docket Entries dated

3

Apr. 4, 2022, to present; see also Docket Entry 9 (notice to Plaintiff of his right to respond to Motion to Dismiss).)

## II. DISCUSSION

### A. Rule 12(b)(6) Standards

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." ACA Fin. Guar. Corp. v. City of Buena Vista, Va., 917 F.3d 206, 211 (4th Cir. 2019). "To sufficiently plead a claim, the Federal Rules of Civil Procedure require that a pleading . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Id. (citing Fed. R. Civ. P. 8(a) (internal brackets and quotation marks omitted)). Although "[t]his pleading standard does not require detailed factual allegations," id., a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1]  The Court thus need not

---

1 Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'

4

accept as true any "legal conclusions," id., or "bare assertions devoid of further factual enhancement," Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

As a general matter, in ruling on a Rule 12(b)(6) motion, "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Typically, a "court cannot go beyond these documents" without "convert[ing] the motion into one for summary judgment." E.I. du Pont, 637 F.3d at 448. Even so, "[i]n reviewing a Rule 12(b)(6) [motion, the Court] may properly take judicial notice of matters of public record." Philips, 572 F.3d at 180; see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (observing that "sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" include "the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). "[T]he most frequent use of

---

But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

5

judicial notice of ascertainable facts is in noticing the content of court records." Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (internal quotation marks omitted).

### B. Due Process

Section 1983 makes actionable alleged deprivations of constitutional rights. See 42 U.S.C. § 1983. To state a viable Section 1983 claim, Plaintiff must show that Defendants "deprived [him] of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). The Fourteenth Amendment prohibits the States from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974). "Due process contains both substantive and procedural components." Snider Int'l Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 145 (4th Cir. 2014). "Procedural due process prevents mistaken or unjust deprivation, while substantive due process prohibits certain actions regardless of procedural fairness." Id. "[A] plaintiff asserting a [] substantive due process claim must allege both the deprivation of his life, liberty or property interest by a state actor, and that the deprivation of this interest was 'arbitrary in the

6

constitutional sense.'" Callahan v. North Carolina Dep't of Pub. Safety, 18 F.4th 142, 145 (4th Cir. 2021) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 129 (1992)).

In bringing a due process claim against an individual defendant, the plaintiff must present "sufficient factual matter," Iqbal, 556 U.S. at 678, to show that the defendant personally played a role in the alleged deprivation of constitutional rights, see, e.g., id. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Cook v. James, 100 F. App'x 178, 180 (4th Cir. 2004) ("[The p]laintiff] must establish that [the d]efendant [] was personally involved in the deprivation of his constitutional rights in order to sustain a claim under § 1983."); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("[I]t must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal quotation marks omitted)); Gerald v. Greene, Civ. Action No. 17-3737, 2019 WL 430854, at *3 (D. Md. Feb. 1, 2019) ("The official's own individual actions must have violated the Constitution." (internal quotation marks omitted)).

### C. The Complaint Fails to State a Federal Constitutional Claim against Defendant Brown

Plaintiff here has failed to state a due process claim against Defendant Brown because the record reflects that Defendant Brown did not make the classification of Plaintiff as a sexually violent

7

predator.  Plaintiff's conclusory allegations that "nowhere in the Judgement [sic] and commitment papers is there any order by the Sentencing Judge or any other Judge listing Plaintiff [] as a sexual predator" (Docket Entry 4 at 5), and that "[Defendant] Brown issued the red flag aka 'sexual violent predator' on his own power and authority" (id. at 6), cannot stand in light of the attachment to Defendant Brown's Memorandum, wherein the state court judge overseeing Plaintiff's trial explicitly made that classification (see Docket Entry 8-1).  Although a court, in ruling on a Rule 12(b)(6) motion, generally only looks to alleged facts in "the complaint . . . [and] documents attached or incorporated into the complaint," E.I. du Pont de Nemours, 637 F.3d at 448, it may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic," Philips, 572 F.3d at 180.  Defendant Brown's exhibit here contains "Judicial Findings" (Docket Entry 8-1) from Plaintiff's state court conviction.  One of those findings, that Plaintiff "has been classified as a sexually violent predator" (id.), goes directly to Plaintiff's claim in this action.

    Moreover, Plaintiff has not challenged the authenticity of the exhibit, which bears the same date, case number, and judge's name and signature as Plaintiff's exhibits.  (Compare Docket Entry 1-2 at 11-12, with Docket Entry 8-1 at 1.)  As a result, the Court may consider the exhibit to Defendant Brown's memorandum because "[it

8

Case 1:22-cv-00171-CCE-LPA   Document 10   Filed 11/17/22   Page 8 of 12

is] integral to the [C]omplaint and authentic." E.I. du Pont de Nemours, 637 F.3d at 448. That a court may, "[i]n reviewing a Rule 12(b)(6) [motion,] properly take judicial notice of matters of public record," Philips, 572 F.3d at 180, such as "the content of court records," Colonial Penn, 887 F.2d at 1239, further supports consideration of the exhibit to the Memorandum in this case.

Such consideration requires dismissal of Plaintiff's claim against Defendant Brown. Said exhibit, signed and dated June 11, 2009, includes a finding by the state court that Plaintiff "has been classified as a sexually violent predator." (Docket Entry 8-1.) As the Complaint concedes, Plaintiff's prison file did not reflect this classification until "after [he] was convicted and sentenced." (Docket Entry 4 at 4.) Thus, accepting as true the Complaint's assertion that in August 2020 "Plaintiff [] was removed from his canteen job . . . because of the red flag" (id.), his removal did not result from any action of Defendant Brown, but rather a judicial finding. (See Docket Entry 8-1.) Consequently, the Complaint lacks "sufficient factual matter," Iqbal, 556 U.S. at 678, to show that Defendant Brown personally played a role in the alleged deprivation of Plaintiff's constitutional rights. See, e.g., id. at 676; Cook, 100 F. App'x at 180; Wright, 766 F.2d at 850; Gerald, 2019 WL 430854, at *3. As a result, the Complaint fails to state a federal constitutional claim against Defendant Brown. See Fed. R. Civ. P. 12(b)(6).

9

### D. The Complaint Also Fails to State A Federal Constitutional Claim against Defendant NCDPS

Although Defendant NCDPS did not bring its own motion to dismiss, the Court has an independent obligation to review the Complaint's sufficiency as to each Defendant. See 28 U.S.C. § 1915A(a)&(b) ("The court shall review . . . [the] complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted"). As noted above, Section 1983 provides the cause of action to assert the constitutional violation Plaintiff alleges here. But the Complaint fails to state a claim against Defendant NCDPS because Defendant NCDPS, as a state agency, constitutes "an arm of the state," Hanifee v. Board of Educ. of Kent Cnty., Civ. Action No. 09-2381, 2010 WL 723772, at *5 (D. Md. Feb. 24, 2010), and Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Under Section 1983, "neither the state nor a state agency is deemed a 'person.'" Savage v. North Carolina Dep't of Correction, No. 5:06-CV-171, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007); see also Cochran v. West Virginia Reg'l Jail & Corr. Facility Auth., Civ. Action No. 3:13-10176, 2014 WL 2973486, at *3 (S.D.W. Va. July 2, 2014) (observing that "a 'person' suable for

damages under § 1983 does not include a state agency"). As a result, Plaintiff's federal constitutional claim against Defendant NCDPS cannot proceed, and the Court should dismiss it. See 28 U.S.C. § 1915A(a)&(b).[2]

### D. Plaintiff's State Constitutional Claim

Finally, the Complaint also alleges a violation of the North Carolina Constitution. (See Docket Entry 4 at 5.) As discussed above, Plaintiff's federal constitutional claim cannot proceed against either Defendant. As a result, the Court should dismiss without prejudice Plaintiff's state constitutional claim. See 28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction over state law claims when the court "has dismissed all claims over which it has original jurisdiction").

## III. CONCLUSION

Plaintiff has failed to state a due process claim against Defendants upon which relief may be granted.

---

[2] Even if Plaintiff could bring a Section 1983 claim against Defendant NCDPS (and he cannot), the factual issues undermining Plaintiff's claim against Defendant Brown would similarly undermine the claim against Defendant NCDPS.

11

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (Docket Entry 7) be granted, the Complaint be dismissed as to Defendant NCDPS, and Plaintiff's state claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

This 17th day of November, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**